667 F.2d 4
 In re CORRUGATED CONTAINER ANTITRUST LITIGATION.
ANCHOR HOCKING CORPORATION, et al., Opt-Out Plaintiffs-Appellees,
v.
ST. JOE CONTAINER COMPANY, et al., Defendants-Appellants,
Edwin A. McCain, et al., Grand Jury Witnesses-Appellants.
 Nos. 81-2197, 81-2235.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 14, 1982.
 
 John D. Roady, Houston, Tex., for Owens-Il, et al.
 Hill & Ghiselli, Jerry G. Hill, Bertrand C. Moser, Frank V. Ghiselli, Jr., Houston, Tex., for Fryburg, Lindeman, Stalder and Barnum.
 Richard N. Carrell, James P. Bailey, Houston, Tex., for Edwin A. McCain.
 Richard N. Carrell, Houston, Tex., for St. Joe Container Co.
 Freeman, Rothe, Freeman & Salzman, Jerrold E. Salzman, Kenneth B. Drost, Chicago, Ill., for Anchor Hocking et al.
 McConnell & Campbell, Francis J. McConnell, Chicago, Ill., for Pillsbury, Dean Foods, U.S. Gypsum and Green Giant.
 Witherspoon, Aikin & Langley, James W. Witherspoon, Hereford, Tex., for United Farmers Co-op.
 Appeals from the United States District Court for the Southern District of Texas; John V. Singleton, Chief Judge.
 Before CLARK, Chief Judge, TATE and WILLIAMS, Circuit Judges.
 
 BY THE COURT:
 
 1
 The cause is remanded to the district court for the following limited purposes:
 
 
 2
 1. Plaintiffs shall move the district court to compel the testimony of any deposition witness whose unavailable testimony is the object of the present appeal and is still needed by plaintiffs.
 
 
 3
 2. In connection with any such motion, the parties shall disclose to the district court all discovery information obtained since the entry of the disclosure order now on appeal which they contended affects the need for all or any part of the information withheld.
 
 
 4
 3. The district court is directed to review in camera the transcript of the grand jury testimony of any witness whose testimony is sought to be compelled.
 
 
 5
 4. In light of all information discovered since the district court's disclosure order now on appeal, the district court shall rebalance the need for disclosure of any grand jury transcripts requested against the need for grand jury secrecy and shall enter a supplemental order which shall be certified to this court as a part of the record on this appeal.
 
 
 6
 This court retains jurisdiction of this appeal for all other purposes.
 
 
 7
 TATE, Circuit Judge, dissents.