the creditors contend are described in section 17(a)(2), (4), and (8).

*Id.* at 653–54 (citations and notes omitted, emphasis added).

 In the instant case, the Daleys contend that the bankruptcy court examined all of the relevant evidence. The bankruptcy court's written decision cannot be read so broadly. The bankruptcy and district courts rendered purely legal decisions based on their interpretations of *Brown.* The courts relied solely on the stipulated dismissal with prejudice in the prior district court proceedings. The documents before the bankruptcy court were inadequate to permit it to form an independent judgment regarding dischargeability.[8] Summary judgment, therefore, was inappropriate.

## V

Under § 523 of the Bankruptcy Code, the bankruptcy court has the exclusive jurisdiction to determine dischargeability. *In re Comer,* 723 F.2d at 740; *In re Houtman,* 568 F.2d at 653. To make this determination, the court must consider all relevant evidence bearing on the nature of the debt. *See In re Comer,* 723 F.2d at 740. The Franks were entitled to pursue their claims of nondischargeability in bankruptcy court. On remand, the bankruptcy court is directed to consider all relevant evidence and to determine dischargeability on the merits.

REVERSED and REMANDED.

8. The Daleys argue that the bankruptcy court examined the documents attached to the Daleys' motion to dismiss the adversary complaint and to the Franks' response to that motion. Appellees' Brief at 8. As discussed above, the court's opinion reflects no such examination. Moreover, the documents to which the Daleys refer are insufficient for a determination of dischargeability.

The documents attached to the motion to dismiss include an eight page excerpt of the deposition of Walter Frank and a nine page excerpt of the deposition of Joan Frank, taken during the pendency of the prior district court action. The context of the excerpted testimony is unclear. To the extent that the excerpted material can be understood, the material does nothing more than attempt to refute allegations of fraud. The excerpts are not conclusive and at most raise a

UNITED STATES of America, Plaintiff-Appellee,

and

Washington Public Power Supply System and the Kansas Power and Light Company, Intervenors-Appellees,

v.

FISCHBACH AND MOORE, INC.; Lord Electric Company, Inc.; the Howard P. Foley Company, Inc.; L.K. Comstock & Company, Inc.; Wismer & Becker Contracting Engineers, Inc.; and Francis S. Kellstrom, Defendants-Appellants.

No. 85–3010.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 28, 1985.

Decided Nov. 14, 1985.

Culp, Dwyer, Guterson & Grader, William L. Dwyer, Jerry R. McNaul, Bradley D. Stam, Timothy K. Thorson, Robert M. Sulkin, Seattle, Wash., for intervenors Washington Public Power Supply and the Kansas Power & Light Co.

John Lundin, Seattle, Wash., for Lord Elec. Co., Inc.

Before WALLACE, FARRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendants-appellants Fischbach and Moore, Inc., Lord Electric Company, Inc., The Howard P. Foley Company, Inc., L.K.

Comstock & Company, Inc., Wismer & Becker Contracting Engineers, Inc., and Francis S. Kellstrom (Defendants) challenge the order of the district court granting disclosure of six grand jury transcripts to petitioners-intervenors Washington Public Power Supply System and Kansas Power and Light (Petitioners).

## BACKGROUND

Defendants were prosecuted for criminal antitrust violations based on alleged bid-rigging of electrical contracts, and are now defendants in a civil action brought by Petitioners. The criminal and civil cases originated from a nationwide investigation into alleged bid-rigging by electrical contractors. A grand jury was convened in Washington, D.C., in 1982. Approximately ten other grand juries convened throughout the United States have addressed the alleged bid-rigging since 1982. One of these grand juries, convened in the Western District of Washington (the "Western District"), returned criminal antitrust indictments against the Defendants. Defendant Howard P. Foley Co. pleaded guilty and defendant Wismer & Becker pleaded *nolo contendre*. Defendant Francis Kellstrom received a mistrial due to his poor health, and remains under indictment. Defendants Fischbach & Moore, L.K. Comstock & Company, and Lord Electric were acquitted after a thirty-three day jury trial.

After the grand jury investigation and the criminal trial were completed, Petitioners filed a petition for disclosure pursuant to Fed.R.Crim.P. 6(e), seeking transcripts of grand jury testimony given by six witnesses who are or were employed by the corporate defendants.[1] The testimony of five of the six witnesses was given live in Washington, D.C., and read into the record

as evidence before the grand jury in the Western District. The transcripts of the six witnesses were previously disclosed to Defendants pursuant to Fed.R.Crim.P. 16(a)(1)(A), which permits corporate criminal defendants to obtain transcripts of grand jury testimony by their employees.

The district court granted disclosure of the entire transcripts of the grand jury testimony of the six witnesses to Petitioners. Because of the completion of the grand jury investigation, the completion of the criminal trial as to all defendants other than Kellstrom, the previous disclosure of the transcripts to Defendants, and the public disclosure of portions of the transcripts at the criminal trial, the district court determined that disclosure "would not violate any of the traditional reasons for grand jury secrecy." The district court concluded that the Petitioners' "showing of a compelling need for disclosure" outweighed whatever remained of the need for secrecy. The district court issued a protective order limiting disclosure to the parties, their attorneys, and persons employed by the parties or their attorneys for use in the civil action.

Defendants filed a timely appeal and sought a stay pending appeal. The stay was denied. The transcripts have since been disclosed to the Petitioners.[2]

## JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We address *sua sponte* the issue of whether the district court's order granting disclosure is a final order for purposes of 28 U.S.C. § 1291.

Petitioners sought disclosure in the criminal case.[3] The outstanding indictment

---

1. The witnesses whose testimony is sought are: Robert Albrecht, Charles Berrell, Thomas E. Carey, Jr., Thomas F. Hessler, Earl Dutton, and Dion Bert Haring.

2. Disclosure to Petitioners does not render this appeal moot. *See United States v. Sells Engineering,* 463 U.S. 418, 422 n. 6, 103 S.Ct. 3133, 3137 n. 6, 77 L.Ed.2d 743 (1983) (because of harm caused by continuing disclosure contro-

versy is not moot after initial disclosure, of grand jury transcripts).

3. If Petitioners had filed a separate cause of action seeking disclosure, the district court's order would be final. *See Illinois v. Abbott & Associates,* 460 U.S. 557, 564–65 & n. 9, 103 S.Ct. 1356, 1359–60 & n. 9, 75 L.Ed.2d 281 (1983); *In re Barker,* 741 F.2d 250, 252 (9th Cir.1984); *In re Grand Jury Investigation,* 642 F.2d 1184, 1187 (9th Cir.1981), *aff'd,* 463 U.S. 418, 103 S.Ct. 3133,

against Kellstrom means the criminal case is not closed, and the order granting disclosure is not final because of the potential for further proceedings. Nevertheless, we conclude that the order granting disclosure is a final order under the collateral order doctrine enunciated in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546–57, 69 S.Ct. 1221, 1225–30, 93 L.Ed. 1528 (1949). *See Illinois v. Moran*, 740 F.2d 533, 536–37 (7th Cir.1984). To be considered final under the collateral ordered doctrine an "order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468–69, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted).

The disclosure order is the only relief Petitioners sought in the criminal proceeding. The district court's order conclusively decided the discrete issue of disclosure, and the Defendants are subject to irreparable harm by the continued disclosure. *See Moran*, 740 F.2d at 537. Because this harm could not be undone at a later date if we were to decide that disclosure should not have been granted, the ongoing disclosure would be effectively unreviewable on appeal from a final judgment in the criminal case. Accordingly, we conclude that the district court's order granting disclosure is a final order and that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STANDARD OF REVIEW

We review the district court's decision to permit disclosure of grand jury transcripts pursuant to Fed.R.Crim.P. 6(e) for an abuse of discretion. *Douglas Oil*, 441 U.S. at 223, 99 S.Ct. at 1675; *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir.1985).

## DISCUSSION

### I. THE APPROPRIATE COURT TO RULE ON THE PETITION FOR DISCLOSURE

Petitioners sought disclosure of the grand jury transcripts pursuant to Fed.R. Crim.P. 6(e)(3)(C)(i) which allows a court to direct disclosure "preliminary to or in connection with a judicial proceeding." Fed.R. Crim.P. 6(e)(3)(D) provides in part that "A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district court where the grand jury *convened*" (emphasis added). Defendants argue that because the investigation began in Washington, D.C., and five of the six witnesses whose transcripts are sought gave live testimony in Washington, D.C., the grand jury was "convened" in Washington, D.C., for purposes of Fed.R.Crim.P. 6(e). We disagree.

Convened is not defined by Fed.R. Crim.P. 6(e). The advisory committee notes to Fed.R.Crim.P. 6(a), however, indicate that "convened" in Fed.R.Crim.P. 6(e) means called into session.

> The first sentence of this rule vests in the court full discretion as to the number of grand juries to be summoned and as to the times when they should be convened. This provision supersedes the existing law, which limits the authority of the court to summon more than one grand jury at the same time. At present two grand juries may be convened simultaneously only in a district which has ....

Fed.R.Crim.P. 6(a) advisory committee note. Our prior decisions also have used the word "convene" to mean called into session. *See United States v. Armored Transport*, 629 F.2d 1313, 1317 (9th Cir. 1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); *United States v. Campanale*, 518 F.2d 352, 359–60 n. 17 (9th Cir.1975) ("grand jury convened and

---

77 L.Ed.2d 743 (1983). When disclosure is sought in a separate proceeding the district court's grant or denial of disclosure is final because it conclusively determines the availability of the only relief sought in that proceeding. *Id.* On the other hand, if Petitioners had sought

disclosure in the pending civil case they would transgress the general rule that discovery orders are not appealable. *See Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 232–33, 99 S.Ct. 1667, 1679–80, 60 L.Ed.2d 156 (1979) (Rehnquist concurring).

sitting in the Central District of California"), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638 (1976). We find nothing in Fed.R.Crim.P. 6(e) or the decisions interpreting it to support Defendants' claim that "convened" should be limited to the district where the first of several grand juries is called into session. Accordingly, the Western District of Washington was the appropriate court to rule on the disclosure request. The grand jury whose transcripts Petitioners seek was "convened" in the Western District.[4]

## II. THE DISCLOSURE ORDER

Turning to the merits of the district court's disclosure order, we find that the district court underestimated the need for continued secrecy in this case, and that the record before us is insufficient for us to conduct a meaningful review of Petitioners' evidence of a compelling need for disclosure.

> A. Disclosure of Grand Jury Transcripts Under Fed.R.Crim.P. 6(e)— The *Douglas Oil* Standard.

In *Douglas Oil* the Supreme Court summarized the interests served by keeping grand jury proceedings secret as follows:

> [I]f preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as

they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

441 U.S. at 219, 99 S.Ct. at 1673 (footnote omitted).

Because of these interests, disclosure of grand jury testimony is permitted only in limited circumstances. *See* Fed.R.Crim.P. 6(e)(3). One exception to the general rule of grand jury secrecy allows a federal court to direct disclosure "preliminary to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i). Parties seeking disclosure pursuant to this exception "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674 (footnote omitted). Moreover "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden" under this exception. *Id.* at 223, 99 S.Ct. at 1675.

> B. The Need for Secrecy in this Case.

In applying the *Douglas Oil* standard, the district court found an extremely limit-

---

**4.** Our interpretation of Fed.R.Crim.P. 6(e) necessarily requires cooperation between district courts in multiple grand jury situations. The court where one of several grand juries has been convened should consider the ongoing investigations of other grand juries in determining whether to grant disclosure. For example, in this case the testimony of five of the six witnesses whose transcripts are sought was given in the District of Columbia, where the grand jury investigation is still ongoing. The district court had a statement from the Department of Justice that disclosure would not interfere with other investigations. If the court which is petitioned for disclosure lacks this indication that disclosure will not interfere with other grand juries, it should contact the courts which supervised

grand juries investigating the same alleged wrongdoings to ensure that disclosure will not interfere with other investigations. *Cf.* Fed.R. Crim.P. 6(e)(3)(E) (requiring a court which supervised a grand jury and is petitioned for disclosure to transfer the proceedings to the court conducting the proceedings for which disclosure is sought unless the grand jury court can "reasonably obtain sufficient knowledge of the proceeding to determine whether disclosure is proper"); *Douglas Oil,* 441 U.S. at 229–31, 99 S.Ct. at 1678–79 (court which is petitioned for disclosure should rely on the expertise of the court which is conducting the proceeding for which disclosure is sought in determining what grand jury materials are needed).

ed need for secrecy because of the completion of the grand jury investigation. The district court correctly concluded that the discharge of the grand jury in the Western District decreased the need for continued secrecy. *Douglas Oil*, 441 U.S. at 221–22, 99 S.Ct. at 1674; *U.S. Industries v. United States District Court*, 345 F.2d 18, 22 (9th Cir.), *cert. denied*, 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965). However, discharge of the grand jury does not end the need for secrecy entirely.

> [A] showing [of particularized need] must be made even when the grand jury whose transcripts are sought has concluded its operations, as it had in *Dennis* [384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966)]. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterents to those who would come forward and aid the grand jury in the performance of its duties.... Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

*Douglas Oil*, 441 U.S. at 222, 99 S.Ct. at 1674 (footnote omitted).

■ The district court also concluded that the previous disclosure of the grand jury transcripts to the Defendants reduced the need for continued secrecy in this case. One party's possession of grand jury transcripts necessarily favors disclosure to the opposing party as a matter of fairness and because there is a lesser interest in secrecy after the initial disclosure. *See Douglas Oil*, 441 U.S. at 222 n. 13, 99 S.Ct. at 1674 n. 13; *U.S. Industries*, 345 F.2d at 23. Again, however, some interest in secrecy survives disclosure. *See Douglas Oil*, 441

U.S. at 222 & n. 13, 99 S.Ct. at 1674 n. 13. *Cf. In re Grand Jury Investigation No. 78–184*, 642 F.2d 1184, 1187–88 (9th Cir. 1981) (discussing need to prohibit further disclosure in addressing mootness issue). The broader societal interest in protecting grand jury secrecy remains, even though disclosure to one party may have defeated the secrecy interests of a particular witness or the party accused before the grand jury.

Other factors contribute to the need for continued secrecy in this case. Most important is the acquittal of defendants Fischbach & Moore, L.K. Comstock & Company, and Lord Electric. These defendants have been subjected to charges before the grand jury which have thus far proven unfounded, thereby increasing their interest in limiting disclosure of the grand jury proceedings. *See In re Petition to Inspect and Copy Grand Jury Materials*, 576 F.Supp. 1275, 1281–82 (S.D.Fla.1983), *cert. denied*, — U.S. —, 105 S.Ct. 406, 83 L.Ed.2d 341 (1984). The outstanding indictment against Kellstrom, and the limited possibility of another criminal trial also increase the interest in secrecy.

We conclude that the district court underestimated the need for continued secrecy in applying the *Douglas Oil* standard. A substantial need for continued secrecy of the grand jury testimony still exists in this case.

C. Petitioners' Need for Disclosure.

The district court concluded that Petitioners demonstrated a "compelling need for disclosure" which overcame whatever remained of the continued need for secrecy, but did not specify why it found Petitioners' need compelling. Petitioners claim that they need the grand jury transcripts in order to ensure accurate testimony at depositions and at trial. Petitioners argue that their need for disclosure is demonstrated by the use of the grand jury transcripts for impeaching witnesses and refreshing recollection during the criminal trial.[5]

---

**5.** Petitioners also claim that their need for the transcripts is established by discrepancies be-

tween grand jury testimony and testimony given during depositions since the district court grant-

■ The need to impeach testimony or refresh recollection at trial can establish a particularized need for disclosure of grand jury transcripts. *See, Douglas Oil*, 441 U.S. at 222 n. 12, 99 S.Ct. at 1674 n. 12; *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958); *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1009 (9th Cir.), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 639 (1981). A few courts have extended this rule to impeaching testimony or refreshing recollection during depositions. *Illinois v. Sarbaugh*, 552 F.2d 768, 776–77 (7th Cir.), *cert. denied*, 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977); *Atlantic City Electric Co. v. A.B. Chance Co.*, 313 F.2d 431, 434 (2d Cir.1963); *Illinois v. Harper & Row Publishers*, 50 F.R.D. 37, 40 (N.D.Ill.1969). We agree that the need to impeach testimony or refresh recollection during depositions can establish a compelling need for disclosure. Litigants' resources should not be wasted on incomplete or evasive testimony during depositions when accurate discovery can be achieved by limited disclosure of grand jury transcripts. However, in order to attain disclosure of grand jury transcripts for use in taking depositions the party seeking disclosure still must meet the . *Douglas Oil* standard by demonstrating that his need for disclosure outweighs the interest in secrecy of the grand jury process and that his request for disclosure is tailored to cover only the material needed.

■ The district judge was in the best possible position to evaluate the Petitioners' alleged need for disclosure because he presided over the criminal trial in which the grand jury testimony was used, and is currently presiding over the civil action. He found the need compelling, but we have no basis on which to review his conclusion. Petitioners claim that the grand jury testimony was used extensively to impeach witnesses and refresh recollection during the criminal trial, and cite examples of such use in their briefs to this court. Our difficulty is that the district court did not specify its basis for finding a compelling need for disclosure as to each witness and the transcripts of the criminal trial testimony which may support Petitioners' claim are not part of the record before this court. Without such findings and transcripts we cannot determine whether Petitioners demonstrated a compelling need for disclosure. Accordingly, we remand to the district court for specific findings on the Petitioners' need for disclosure of the grand jury testimony of *each* of the six witnesses.

On remand the district court should consider the extent to which Petitioners' need for disclosure is established by the use of the grand jury transcripts during the criminal trial, and by depositions taken in the civil action.[6] Based on the limited record before us it appears that the district court's decision to permit disclosure of the entire grand jury transcripts of the six witnesses may be overly broad under the *Douglas Oil* standard. Disclosure of grand jury

---

ed disclosure. Because the legal question before us is whether Petitioners had demonstrated a compelling need for disclosure at the time the district court ordered disclosure, Petitioners' claims regarding the recent depositions are not relevant to our decision.

**6.** In their briefs to this court both parties discuss the issue of whether disclosure of grand jury transcripts is ever appropriate before depositions are taken. *Compare Douglas Oil*, 441 U.S. at 230, 99 S.Ct. at 1678 ("if there were to be conflicts between petitioners' statements before the grand jury and their actions in the criminal proceedings, the court might have preferred to wait until they ripened at depositions or even during testimony at trial"), *with Sarbaugh*, 552 F.2d at 774–77 (disclosure permitted before any

depositions were taken when disclosure would not interfere with an ongoing grand jury, witness' employer had already obtained a copy of the grand jury testimony, and witness was going to give deposition and trial testimony on the issues to which he testified before the grand jury). We need not address this issue. Because the record before us is insufficient to permit review of the district court's determination that a compelling need was established before depositions were taken, the issue is not necessary to our resolution of this appeal. On remand the district court will determine whether disclosure is appropriate at this time considering the depositions which have now been taken in the civil case.

transcripts should be limited to those portions of the transcripts for which a compelling need for disclosure outweighs the need for continued secrecy. *Douglas Oil,* 441 U.S. at 228–29, 99 S.Ct. at 1677–78; *Barker,* 741 F.2d at 255–56. The district court should rely on the parties to determine *which portions* of the transcripts, if any, are necessary for impeaching testimony or refreshing recollection, or make specific findings as to why the entire transcripts should be disclosed. *See Dennis v. United States,* 384 U.S. 855, 874–75, 86 S.Ct. 1840, 1851, 16 L.Ed.2d 973 (1966) (district court can determine which portions of grand jury transcripts should be disclosed by conducting *in camera* review, but reliance on parties' knowledge of what portions of testimony is needed is preferrable because of the burden which *in camera* review places on the district court).

Petitioners are ORDERED to return all copies of the grand jury transcripts to the district court. The decision of the district court is REVERSED and this matter is REMANDED to the district court for further proceedings.