### In re GRAND JURY TESTIMONY.

#### Appeal of John DOE, et al.

#### No. 87-3477.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1987.

es for use in a civil case with allegations similar to the criminal trial that resulted from the grand jury investigation. We are not persuaded that as yet the need for the testimony in the civil case outweighs the interest in protecting the secrecy of the grand jury proceedings. We reverse and remand.

## I

Appellants, James J. Wyllie, Jr. and Ronald F. Falgout, were two of eight defendants investigated and indicted by a federal grand jury in the Eastern District of Louisiana on 52 counts of public bribery, wire fraud, and mail fraud in connection with, *inter alia*, the granting of Certificates of Need for hospital construction. There were two trials; the first ended in mistrial and the second in acquittal.

During the pendency of the criminal proceedings, appellee, East Ascension Hospital Service District, filed a civil action in the Middle District of Louisiana asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* East Ascension alleged that Wyllie, Falgout, and others had damaged the East Ascension General Hospital by procuring a Certificate of Need for construction of a second hospital in East Ascension's service area. The district court stayed discovery in the civil suit during the criminal case.

Richard T. Simmons, Jr., Hailey, McNamara, Hall, Larmann & Papale, Metairie, La., William H. Jeffress, Jr., Miller, Cassidy, Larroca & Lewin, Washington, D.C., for appellants.

John Emmett, James A. Cobb, Jr., Emmett, Cobb, Waits & Kessenich, New Orleans, La., for appellee.

Before THORNBERRY, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The district court ordered disclosure of the grand jury testimony of three witness-

The stay was lifted after the acquittals, and East Ascension requested release of the grand jury testimony of Wyllie, Falgout, and John Landry, an employee of the Louisiana Department of Health and Human Resources. Defendants declined to produce transcripts in their control, citing Rule 6(e) of the Federal Rules of Criminal Procedure.[1] East Ascension's motion to

---

1. Rule 6(e) provides:

    A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules.

    No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

    \* \* \* \* \* \*

    (C) Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—

compel pursuant to Rule 37(a), Fed.R.Civ.P. was denied by a magistrate.

East Ascension then sought the grand jury testimony pursuant to Rule 6(e)(3)(D), Fed.R.Crim.P. in the Eastern District of Louisiana, the situs of the grand jury and trials. After oral argument the presiding judge at both criminal trials found that the reasons for secrecy of the grand jury transcripts were "for the most part dissolved." He then transferred the disclosure proceeding to the Middle District of Louisiana, where the civil suit had been filed, for a final determination of disclosure. That court ordered release of the grand jury testimony of all three witnesses, restricted the use of the transcripts to the immediate proceedings, and ordered that counsel for plaintiffs be held personally liable for any unauthorized use. Wyllie and Falgout appeal this order.

## II

We review decisions regarding disclosure of grand jury materials pursuant to a Rule 6(e) motion under an abuse of discretion standard. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223, 99 S.Ct. 1667, 1675, 60 L.Ed.2d 156 (1979); *In re Corrugated Container Antitrust Litigation*, 687 F.2d 52, 55 (5th Cir.1982).

■ Federal courts long have recognized that secrecy is essential to maintaining the integrity of the grand jury system. *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 428, 103 S.Ct. 3133, 3140, 77 L.Ed.2d 743 (1983); *United States v. Proc-*

*ter & Gamble*, 356 U.S. 677, 681, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). Rule 6(e) Fed.R.Crim.P. codifies this value. Secrecy, however, is not an absolute, and ours is the not uncommon judicial task of balancing. Rule 6(e) provides certain exceptions, and case law has established that a district court may properly order release of grand jury materials where a party demonstrates with particularity a "compelling necessity" for the materials. *Procter & Gamble*, 356 U.S. at 682, 78 S.Ct. at 986.

■ The Supreme Court has insisted that the need for disclosure be demonstrated "with particularity." *See Procter & Gamble*, 356 U.S. at 683, 78 S.Ct. at 987. In *Douglas Oil*, the court developed a three prong test to determine particularized need, now the touchstone of review:

> Parties seeking grand jury transcripts under Rule 6(e) must show (1) that the material they seek is needed to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only material so needed.

*Douglas Oil*, 411 U.S. at 222, 99 S.Ct. at 1674 (enumeration added). A party seeking disclosure must meet the burden of demonstrating that the need for disclosure outweighs the public interests in secrecy; however, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justifi-

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

\*   \*   \*   \*   \*   \*

If the court orders disclosure of matters occurring before the grand jury, the disclosure shall be made in such manner, at such time, and under such conditions as the court may direct.
(D) A petition for disclosure pursuant to subdivision (e)(3)(C)(i) shall be filed in the district where the grand jury convened. Unless the hearing is ex parte, which it may be when the petitioner is the government, the petitioner shall serve written notice of the petition upon (i) the attorney for the government, (ii) the parties to the judicial proceeding if disclosure is sought in connection with such a pro-

ceeding, and (iii) such other persons as the court may direct. The court shall afford those persons a reasonable opportunity to appear and be heard.
(E) If the judicial proceeding giving rise to the petition is in a federal district court in another district, the court shall transfer the matter to that court unless it can reasonably obtain sufficient knowledge of the proceeding to determine whether disclosure is proper. The court shall order transmitted to the court to which the matter is transferred the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand jury secrecy. The court to which the matter is transferred shall afford the aforementioned persons a reasonable opportunity to appear and be heard.

cation." *Douglas Oil,* 411 U.S. at 223, 99 S.Ct. at 1675.

## III

■ East Ascension seeks the grand jury transcripts of Wyllie, Falgout, and Landry to impeach them or to refresh their recollections. Impeachment and refreshment of recollection frequently are cited as reasons for release of grand jury testimony, *In re Corrugated Container,* 687 F.2d at 55, and the Supreme Court and this circuit have held that the need to impeach or refresh recollection is a valid "particular need." *See Douglas Oil,* 411 U.S. at 222, 99 S.Ct. at 1674; *State of Texas v. United States Steel Corp.,* 546 F.2d 626, 631 (5th Cir.), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977). However, the use of grand jury testimony to impeach or to refresh recollection must be real; bald assertions of such need are not sufficient. It is difficult to confine disclosure "strictly to those portions of a particular witness' testimony that bear upon some aspect of his direct testimony at trial," *Douglas Oil,* 411 U.S. at 222 n. 12, 99 S.Ct. at 1674 n. 12, unless a party can point to actual inconsistencies or inability to recall.

The Supreme Court recognized this difficulty in *Douglas Oil:*

> [T]he courts where the civil proceedings were pending might have considered disclosure [prior to general discovery] to be premature; if there were to be conflicts between petitioners' statements and their actions in the criminal proceedings, the court might have preferred to wait until they ripened at depositions or even during testimony at trial.

*Douglas Oil,* 441 U.S. at 230, 99 S.Ct. at 1678. We and other courts have read *Douglas Oil* to require that a party seeking disclosure for impeachment or refreshment of recollection of witnesses first demonstrate actual inability to recall or inconsistent testimony.

Thus, in *In re Corrugated Container,* we originally reversed a district court's order granting disclosure and remanded the case explaining that the parties seeking disclosure of grand jury witnesses ought to first depose those witnesses in the civil case to see if disclosure proved necessary. *See In re Corrugated Container,* 667 F.2d 4, 4 (5th Cir.1980). Only after the effort to obtain depositions had failed, plaintiffs had narrowed their request for disclosure, and the district court had reviewed the grand jury materials *in camera* did we affirm the district court's decision to permit disclosure. *In re Corrugated Container,* 687 F.2d at 56.

Similarly, the Ninth Circuit has taken note of the issue of whether disclosure of grand jury transcripts is ever appropriate before depositions are taken. *See United States v. Fischbach and Moore, Inc.,* 776 F.2d 839, 845 n. 6 (9th Cir.1985) (remanding without deciding this issue). Numerous district courts have declined to permit disclosure without a showing of actual inconsistencies or inability to recall. *See, e.g., Grumman Aerospace v. Titanium Metals Corp.,* 554 F.Supp. 771, 776 (E.D.N.Y.1982); *Index Fund, Inc. v. Hagopian,* 512 F.Supp. 1122, 1130 (S.D.N.Y.1981); *In the Matter of Grand Jury which presented Criminal Indictments in the Middle District of Pennsylvania,* 469 F.Supp. 666, 670 (M.D. Pa.1978); *State of Illinois v. Harper & Row Publishers, Inc.,* 50 F.R.D. 37, 40 (N.D.Ill.1969). The Seventh Circuit stated the policy of waiting until the conflict is ripe in *Lucas v. Turner,* 725 F.2d 1095 (7th Cir.1984):

> A mere statement that prior testimony will be less affected by loss of memory simply does not establish that any particular witness's memory needs to be refreshed at the present time.... From our examination of the record we discern no specific showing nor a shred of evidence provided to the district court that any witness except Robert Miller has previously experienced difficulty remembering.... Nor have they shown that any witness has been hostile, recalcitrant or evasive in any proceeding connected with this action.... Because plaintiffs have not shown the inability of witnesses to recall past events upon which they might be questioned ... they have again failed to establish a particularized need, and thus no compelling reason exists at

this time to order disclosure to refresh recollection.

*Lucas,* 725 F.2d at 1105. *But see Illinois v. Sarbaugh,* 552 F.2d 768, 774–77 (7th Cir.), (disclosure permitted before any depositions taken), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977).

Here, the hypothesis of need is only that. East Ascension does argue that Landry's testimony was impeached at the criminal trials by his grand jury testimony. The argument, however, ignores the fact that those portions of his grand jury testimony are now part of the public record, and East Ascension has demonstrated no further inconsistencies that would warrant disclosure of the remainder of his grand jury testimony. As for the transcripts of Wyllie and Falgout, East Ascension rests on naked assertions that transcripts of their grand jury testimony are necessary to impeach or refresh the recollections of those witnesses.

### IV

 The district courts properly were influenced by the fact that the criminal case had ended and the fact that apparently no further criminal investigations were underway. We do not agree, however, that the need for secrecy, while reduced, is "for the most part dissolved" because the criminal case has ended. Witnesses before grand juries testify with the expectation that their testimony will not be made public except in fairly narrow circumstances. Fear of reprisal and the range of other concerns behind this expectation do not end with the criminal case. So concluding defines too narrowly the interests in grand jury secrecy.

We are persuaded that East Ascension has failed to establish a particularized need for disclosure of the grand jury transcripts of Wyllie, Falgout, and Landry and has failed to establish that the request for disclosure was sufficiently tailored to cover only material actually needed.

On remand, East Ascension should take the deposition of those witnesses whose grand jury testimony it seeks. If the motion to compel production of the grand jury

testimony is then renewed, the district court, or magistrate at its direction, may review the grand jury transcripts *in camera* to determine the portions to be released. *See In re Corrugated Container,* 687 F.2d at 55; *see also Lucas,* 725 F.2d at 1109 ("[W]hile we recognize the workload district court judges are faced with, this *in camera* procedure is necessary due to the paramount concerns of all courts for the sanctity and secrecy of grand jury proceedings."). If the district court orders release, it may, as it did in this order granting release, with restriction against further publication of transcripts, such as confining access to counsel and prohibiting any public disclosure except at trial when their proper use has been established.

We REVERSE and REMAND for proceedings consistent with this opinion.