Mildred **SIMPSON,** on behalf of herself and the Estate of Kenneth Earl Simpson, et al.

v.

Captain Ike **HINES** of the Cleveland Police Department, Cleveland, Texas, et al.

Civ. A. No. B–88–00316–CA.

United States District Court, E.D. Texas, Beaumont Division.

Oct. 28, 1989.

See also 779 S.W.2d 509.

Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., for individual officers.

E.R. Norwood, Liberty, Tex., for City of Cleveland, Tex. and Liberty County.

## MEMORANDUM OPINION

COBB, District Judge.

The plaintiffs, Mildred Simpson and others, filed this civil rights action against various officers of the City of Cleveland, Texas Police Department, the City of Cleveland, and Liberty County, alleging various claims in connection with the death of Kenneth Earl Simpson, who died while imprisoned in the Cleveland Police station. The plaintiffs have moved that the defendants be compelled to produce the grand jury testimony of the defendant police officers. For the following reasons, the plaintiffs' motion is GRANTED, and the tapes containing the grand jury testimony of the defendant police officers shall be produced.

■ The standard for release of grand jury testimony under FED.R.CRIM.P. 6(e)(3)(C) has been clearly defined by the United States Supreme Court. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). In *Douglas Oil*, the court specified that the district court considering a request for production of grand jury materials must decide: (1) that the requested materials are needed to avoid possible injustices in another judicial proceeding; (2) that the need for disclosure outweighs the continuing need for secrecy of the grand jury proceedings; (3) that the requesting party has made a narrow request, structured to the particularized need it can show. *Id. Douglas Oil* dealt with the release of federal grand jury materials, but it is clear that the state grand jury materials, as are sought here, are to be given the same protection. *Socialist Workers Party v. Grubisic*, 619 F.2d 641 (7th Cir.1980).

■ Considering each factor as it applies to the instant case, the requested grand jury testimony should be released. First, the requested materials have been adequately shown to be needed to avoid injustice in another proceeding. The plaintiffs have offered numerous tapes for in camera inspection by this court in conjunction with the requested grand jury testimony. It is clear to this court after hearing all the proffered material, as well as the grand jury testimony, that a great potential exists for injustice in the present judicial proceeding if the plaintiffs are denied access to the grand jury testimony. Significant inconsistencies exist between the grand jury testimony and the other proffered materials. The plaintiffs must be permitted to resolve these inconsistencies if justice is to be done in the instant case.

Second, the need for disclosure, as discussed above, outweighs the continuing need for secrecy of the grand jury proceedings. The grand jury has concluded its deliberations in the Simpson matter. The need for secrecy of these specific tapes no longer outweighs other concerns. This court recognizes that as a matter of principle grand jury secrecy is to be protected, and accordingly specifies that the plaintiffs and defendants here are ordered not to disclose to anyone other than necessary support personnel the contents of the grand jury tapes prior to the trial of this case.

Third, the plaintiffs have tailored their request to cover only the testimony of the defendant police officers. This court has examined that testimony and the additional materials offered by the plaintiffs, and finds that the plaintiffs have made an adequate showing of particularized need, based on the inconsistencies the court observed between the grand jury testimony and the other materials.

The plaintiffs have met the requirements of *Douglas Oil*, and accordingly the grand jury testimony of the defendant police officers is to be produced by the defendant Liberty County. Both the plaintiffs and the defendants are ordered not to further disclose the grand jury tapes.