### In re CATFISH ANTITRUST LITIGATION.

**This Document Relates to "All Actions".**

No. 2:92cv73–D–O.
MDL No. 928.

United States District Court,
N.D. Mississippi,
Delta Division.

Oct. 2, 1995.

---

Richard A. Lockridge, Schatz Paquin Lockridge Grindal & Holstein, Minneapolis, Minnesota, Edward A. Moss, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, Mississippi, for plaintiff.

Stephen Lee Thomas, Greenville, Mississippi, for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Presently before the court is the motion of the plaintiffs to release certain grand jury transcripts. Finding the motion well taken, the same shall be granted.

## I. FACTUAL BACKGROUND [1]

■ Prior to the institution of this civil action, the United States instituted criminal antitrust prosecutions for conduct arising out of many of the same operative facts as the case at bar. The origin of these criminal prosecutions was a federal grand jury empaneled in the Eastern District of Pennsylvania. As with most grand juries, witnesses were called to testify and evidence was presented. As is also the case with federal grand juries, Federal Rule of Criminal Procedure 6(e) made secret [2] all of the evidence

---

1. For purposes of the motion at bar, the undersigned will not delve into a complete background of the catfish conflict. For a more detailed history of this entire controversy, the reader is referred to this court's prior opinion granting class certification in this cause. *In re Catfish Antitrust Litigation,* 826 F.Supp. 1019 (N.D.Miss.1993).

2. Fed.R.Crim.P. 6(e) states in relevant part:
   (2) General Rule of Secrecy

A grand juror, and interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subsection shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing viola-

presented before that grand jury. The plaintiffs in the cause presently at bar have petitioned this court to release transcripts of the grand jury testimony of Larry Joiner, William Dauler and Henry Williams.

None of the grand jury witnesses whose testimony the plaintiffs seek to have this court disclose object to the potential disclosure. The United States does not object to disclosure of the grand jury transcripts. However, the defendants in this cause, as well as Mr. Samuel Hinote [3], do object to the disclosure of this testimony.

As the grand jury was convened in the Eastern District of Pennsylvania, the District Court of that district was the proper authority to petition for such a release. Fed. R.Crim.P. 6(e)(3)(D). The plaintiffs did in fact petition District Judge J. Curtis Joiner in that district to release these transcripts and others, as well as to transfer that action to this court. Judge Joiner denied the plaintiffs' motion for release of the transcripts, stating that while release was not proper at that time, "disclosure may yet be necessary to ensure justice," and that this court would be "better equipped" to determine if the plaintiffs had made a sufficient showing of a particularized need. *Grand Jury Investigation In re: Catfish*, No. 94–222 (E.D.Penn. October 27, 1994) (Memorandum Opinion granting in part and denying in part Motion for Release of Transcripts and to Transfer). At the same time, Judge Joiner granted the plaintiffs' motion to transfer the issue to this court.

## II. STANDARD TO RELEASE GRAND JURY TRANSCRIPTS

■ Federal Rule of Criminal Procedure 6(e) provides for the secrecy of grand jury proceedings. Indeed, the proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir.1993). While the general rule is that grand jury proceedings are to be kept secret, transcripts may be disclosed "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed. R.Crim.P. 6(e)(3)(C). Because of the great need for secrecy in grand jury proceedings, any party seeking such disclosure must demonstrate a "particularized need" for the material that outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959). Demonstrating such a need requires that the party establish that: 1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding; 2) the need for disclosure is greater than the need for continued secrecy; and 3) the request is structured to cover only material so needed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 221–22, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); *Simpson v. Hines*, 729 F.Supp. 526, 527 (E.D.Tex.1989). The ultimate determination of whether grand jury transcripts are to be released is purely a matter of this court's discretion. *Miramontez*, 995 F.2d at 59; *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir.1987); *In re Corrugated Container Antitrust Litigation*, 687 F.2d 52, 55 (5th Cir.1982).

## III. EXTENT OF THE PLAINTIFFS' BURDEN

■ The burden placed on the party seeking disclosure is not static. "[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification" for releasing them. *Douglas Oil*, 441 U.S. at 223, 99 S.Ct. at 1675. The reasons justifying secrecy of grand jury

---

tion of Rule 6 may be punished as a contempt of court.

Rule 6(e) imposes an obligation of secrecy upon various persons involved in the grand jury proceedings, but not upon witnesses who testify before that grand jury. *McDonnell v. United States*, 4 F.3d 1227, 1246 (3d Cir.1993). Indeed, the United States Supreme Court has ruled that the First Amendment rights of the witness would be infringed if such an obligation were imposed upon witnesses with regard to their own testimo-

ny, at least after the grand jury proceedings have concluded. *Butterworth v. Smith*, 494 U.S. 624, 110 S.Ct. 1376, 108 L.Ed.2d 572 (1990).

3. By order of this court dated September 21, 1995, Mr. Hinote was granted leave to intervene in this action for the limited purpose of opposing the potential release of these grand jury transcripts.

proceedings, as stated by the United States Supreme Court, are:

1) To prevent escape of those whose indictment may be contemplated;

2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;

3) to prevent subornation or perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it;

4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and

5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil,* 441 U.S. at 219 n. 10, 99 S.Ct. at 1673 n. 10, 60 L.Ed.2d at 165 n. 10 (citing *United States v. Procter & Gamble,* 356 U.S. 677, 681–82 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077 (1958)).

■ In the case at bar, many of the interests in protecting the grand jury proceedings themselves are greatly obviated by the fact that these particular proceedings have concluded. *In re Grand Jury Testimony,* 832 F.2d at 64; *Puricelli v. Borough of Morrisville,* 136 F.R.D. 393, 398 (E.D.Pa.1991).

When [a grand jury] investigation ends, there is no longer a need to keep information from the targeted individual in order to prevent his escape—that individual presumably will have been exonerated, on the one hand, or arrested and otherwise informed of the charges against him, on the other. There is also no longer a need to prevent the importuning of the grand jurors since their deliberations will be over.

*Butterworth,* 494 U.S. at 632, 108 L.Ed.2d at 582. Further, the lesser extent of potential injury to the interests of the grand jury witnesses themselves, or to future grand jury witnesses, is in part reflected by the fact that none of the witnesses object to disclosure. *Corrugated Container,* 687 F.2d at 57. Likewise, any interest of Mr. Hinote as an "innocent accused" in keeping the transcripts secret has been impinged by that same grand jury's return of an indictment against him, his two public trials and his eventual acquittal on the matters of the grand jury investigation. This is not a case where the accusations against an accused failed to survive the grand jury process and reach the light of day. Rather, it is already public knowledge that Mr. Hinote was under investigation and he has already borne the expense of trial on this matter.

Finally, the undersigned does not take lightly the failure of the United States to take a position in this matter, for the Justice Department has definite interests in maintaining the secrecy and integrity of the grand jury system when relevant secrecy interests are threatened. *Missouri v. W.E.R.,* 55 F.3d 350, 355 (8th Cir.1995) (stating that duty of Justice Department attorneys "is to protect grand jury secrecy when required."); *Illinois v. Sarbaugh,* 552 F.2d 768, 778 n. 14 (7th Cir.1977) (noting "the Attorney General, as the officer charged with protecting [the interest in maintaining effective functioning of future grand juries], will be entitled to oppose disclosure. . . ."). Therefore, in ruling upon the plaintiffs' motion, this court finds that the overall considerations justifying secrecy have become less relevant. As a consequence, under the facts in this particular case, the plaintiffs' burden is much less than would normally be required.

In any event, that the burden is lessened in this matter does not mean that the need for secrecy has been completely swept away. Regardless of the extent of the plaintiffs' burden in this matter, the *Douglas Oil* factors must nonetheless be met. *Douglas Oil,* 441 U.S. at 221–22, 99 S.Ct. at 1674 (stating that showing "must be made even when the grand jury whose transcripts are sought has concluded its operation.") This court must now look to determine if the plaintiffs have met their burden.

## IV. MERITS OF THE PLAINTIFFS' REQUEST

### A. POTENTIAL FOR INJUSTICE IN THIS JUDICIAL PROCEEDING

■ Both the impeachment of witnesses and the refreshing recollections of witnesses

are valid reasons for the release of grand jury testimony, and the plaintiffs at bar seek release for both of these reasons. *Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674; *In re Grand Jury Testimony,* 832 F.2d at 63; *Corrugated Container,* 687 F.2d at 55. "Bald allegations of such need are not sufficient" here for the plaintiffs must show that this need is real. *Grand Jury,* 832 F.2d at 60. Reality of this need can be shown by pointing to actual inability to recall or examples of inconsistent testimony. *Id.*

Specific failures to recall on the part of the witnesses, as well as inconsistent testimony, have been demonstrated by the plaintiffs in this case, and these failures are not at all unusual. The *Catfish* litigation has been and will continue to be for some time to come, an exhausting and arduous endeavor. Relevant events reach several years into the past, and this court needs no authority to acknowledge the occasional failure of the human mind to recall events with precise clarity. As well, "[e]very experienced trial judge and trial lawyer knows the value for impeaching purposes of statements of the witness recording the events before time dulls precious memory." *Jencks v. United States,* 353 U.S. 657, 667, 77 S.Ct. 1007, 1013, 1 L.Ed.2d 1103 (1957). This court finds that a great potential for injustice exists if the plaintiffs are not permitted access to pertinent grand jury transcripts.

### B. THE NEED FOR DISCLOSURE VERSUS THE NEED FOR SECRECY

As this court has already discussed, the need for secrecy in this case has been lessened by several factors. *See supra* at II. While not dispositive, it is also highly relevant to this court that the defendants are already in possession of the requested transcripts. *See United States v. Fischbach & Moore, Inc.,* 776 F.2d 839, 844 (9th Cir.1985) ("One party's possession of grand jury transcripts necessarily favors disclosure to the opposing party as a matter of fairness and because there is a lesser interest in secrecy after the initial disclosure.") *Grumman Aerospace v. Titanium Metals Corp.,* 554 F.Supp. 771, 776 (E.D.N.Y.1982) (stating that "unequal access [to grand jury transcripts] may be considered in granting subsequent disclosure, but it is not determinative."). The opinion of this court is that the need for disclosure in this case outweighs the continuing need for grand jury secrecy. In that this court's order releasing the transcripts will be narrow and designed to limit dissemination, any remaining interests of secrecy are adequately protected in this case.

### C. THE STRUCTURE OF THE REQUEST TO COVER ONLY THE MATERIAL NEEDED

Of all of the witnesses who testified before the *Catfish* grand jury, the plaintiffs have only requested the testimony of three individuals who are to be called to testify at the trial of this matter. Based upon the failures to recall demonstrated by the plaintiffs, and after review of the grand jury transcripts and other materials, this court finds that the plaintiffs have made an adequately structured request for materials in this matter. The plaintiffs' motion shall be granted.

### V. CONCLUSION

In light of the particular facts surrounding this case, the undersigned is of the opinion that the motion of the plaintiffs is well taken and should be granted. Because of the peculiar facts in the case at bar, many relevant privacy interests are less pressing, and therefore the plaintiffs' burden is also of a less stringent nature. As to the actual merits of the plaintiffs' motion, this court finds that 1) the plaintiffs have demonstrated particular instances for which grand jury testimony would most likely be necessary to prevent injustice, 2) the need for secrecy is outweighed in this case by the need for disclosure, and 3) the structure of the request adequately covers only the material needed. This court shall narrowly tailor its order so that remaining relevant privacy interests may be afforded adequate protection in light of this court's decision. *See Grand Jury,* 832 F.2d at 64 (stating district court may order release "with restriction against further publication of transcripts, such as confining access to counsel and prohibiting any public

disclosure except at trial when their proper use has been established.")