IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50572
Consolidated with
No. 00-50573
No. 00-50679
No. 01-50080
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY SCHREIBER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-130-1-JN
---------------------
April 26, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Harry Schreiber, federal inmate #40454-002, appeals the denial of his postjudgment motion for the production of witness statements (No. 00-50572), the denial of his three motions for grand jury materials (No. 00-50573), the denial of his FED. R. CRIM. P. 33 motion for a new trial based on newly discovered evidence (No. 00-50679), and the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence.  Schreiber moves for sanctions against the Assistant
U.S. Attorney, to have the Government's brief stricken, and for
release pending appeal.  The Government moves for the dismissal
as frivolous of Schreiber's appeal from the denial of the 18
U.S.C. § 3582(c)(2) motion.  IT IS ORDERED that Schreiber's
motions are DENIED.

In challenging the district court's denial of the motion
seeking the production of witness statements, Schreiber fails to
provide this court with a compliant initial brief.  See FED.
R. APP. P. 28(a).  Although Schreiber filed a reply brief, issues
raised in a reply brief but not in the initial appellate brief
are deemed abandoned.  United States v. Bullock, 71 F.3d 171,
178-79 (5th Cir. 1995).  No argument is presented for our
consideration.  Consequently, appeal No. 00-50572 is DISMISSED
for want of prosecution.  See Grant v. Cuellar, 59 F.3d 523, 525
(5th Cir. 1995); see 5TH CIR. R. 42.3.3.

In challenging the district court's denial of his motions
seeking grand jury materials (No. 00-50573), Schreiber presents
this court with conclusional assertions of massive fraud and
false testimony in an effort to conduct a fishing expedition into
grand jury materials.  Policy interests in the need for grand
jury secrecy do not end with the completion of a criminal
prosecution.  In re Grand Jury Testimony, 832 F.2d 60, 64 (5th
Cir. 1987).

Schreiber raises in his pro se reply brief issues concerning
Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), and the propriety
of the jury instructions.  Issues raised for the first time in a

reply brief are not properly before this court.  United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).  No abuse of discretion is demonstrated by Schreiber in the district court's denial of his motions seeking grand jury materials.  See United States v. Miramontez, 995 F.2d 56, 60 (5th Cir. 1993).

This appeal is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Appeal No. 00-50573 is DISMISSED.  See 5TH CIR. R. 42.2.

Represented by counsel, Schreiber challenges the denial of his FED. R. CRIM. P. 33 motion seeking a new trial based on newly discovered evidence (No. 00-50679).  Schreiber does not raise arguments concerning his alleged newly discovered evidence, and therefore, the issue is deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Counsel relies on Apprendi to support the argument that Schreiber's sentence violates due process because certain sentencing factors should have been alleged in the indictment but were not, and therefore, these factors were not proved beyond a reasonable doubt to the jury.

Apprendi does not constitute newly discovered evidence.  "A motion for new trial based on any other grounds than newly discovered evidence must be made within seven days after verdict or finding of guilty."  United States v. Scott, 159 F.3d 916, 925 (5th Cir. 1998).  Schreiber's Apprendi issue is not properly before this court on the appeal from the denial of his Rule 33 motion premised on newly discovered evidence.  See id. at 925.

Appeal No. 00-50679 is without arguable merit and thus is frivolous.  See Howard, 707 F.2d at 219-20.  Consequently, it is DISMISSED.  See 5TH CIR. R. 42.2.

Proceeding pro se, Schreiber argues that the district court abused its discretion in denying his 18 U.S.C. § 3582(c)(2) motion.  He asserts that Apprendi is a retroactive, clarifying amendment to the sentencing guidelines and that, under Apprendi, his sentence should be reduced.  He also contends that the direct appeal is still pending -- thus he is entitled to the benefit of Apprendi's holding -- and that this court should remand this case to another district court judge.

No abuse of discretion in the district court's ruling is demonstrated.  See United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999).  "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission."  United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  As noted by the Government in its motion to dismiss, Apprendi is not an amendment to the guidelines, and U.S.S.G. § 1.B1.10(c) does not list an amendment to U.S.S.G. § 6A1.3 like an amendment suggested by Schreiber.  Apprendi held, in addressing a state criminal statute, that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 120 S.

Ct. at 2362-63.  As for Schreiber's contention that his direct criminal appeal is still pending, mandate issued June 16, 2000.

Because appeal No. 01-50080 is without arguable merit, the Government's motion to dismiss is GRANTED and the appeal is DISMISSED as frivolous.  See 5TH CIR. R. 42.2.

We caution Schreiber that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Schreiber is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

MOTION TO DISMISS GRANTED.  REMAINING MOTIONS DENIED. APPEALS DISMISSED.  SANCTION WARNING ISSUED.