

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2005

# In Re: Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3046

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Jackson " (2005). *2005 Decisions.* Paper 786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-296                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3046
_____

IN RE: GERALD O. JACKSON,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 03-cv-05682)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
JULY 8, 2005
Before: RENDELL, FISHER AND VANANTWERPEN, CIRCUIT JUDGES

(Filed July 22, 2005)

_____

OPINION
_____

PER CURIAM

Gerald Jackson has filed a petition for writ of mandamus, seeking to compel the

Unites States District Court for the District of New Jersey to rule upon a supplemental

motion in which he raised a claim under Blakely v. Washington, 542 U.S. 296 (2004).

We will deny the mandamus petition.

In 2003, Jackson filed a pro se motion pursuant to 28 U.S.C. § 2255 seeking to

vacate, set aside or correct his sentence, alleging claims of ineffective assistance of

counsel.  Jackson twice supplemented his § 2255 motion, including his request for

permission to extend the application of Blakely.  The District Court denied the § 2255

motion without expressly ruling upon the Blakely "motion."  Jackson appealed, and

recently we denied a certificate of appealability.  See C.A. No. 04-4622.

Mandamus is a drastic remedy only appropriate in extraordinary circumstances.

Kerr v. United States Dist. Ct., 426 U.S. 394, 403 (1976).  The main purpose is "to

confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it

to exercise its authority when it is its duty to do so."  Roche v. Evaporated Milk Ass'n,

319 U.S. 21, 26 (1943).  To qualify for relief, the petitioner must have no other adequate

means to obtain the relief, and must show that the right to issuance of the writ is clear and

indisputable.  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

The District Court provided Jackson with notice pursuant to United States v.

Miller, 197 F.3d 644 (3d Cir. 1999), and Jackson supplemented his § 2255 motion adding

several additional claims, all of which were addressed by the District Court in its August

25, 2004 order.  Although the District Court's opinion did not specifically address

Jackson's supplemental Blakely claim, Jackson did not re-raise this claim in his motion

for reconsideration or on appeal.  Because both of these avenues were viable alternatives

for pursuing his Blakely claim, Jackson plainly had other adequate means of relief.

In conclusion, because Jackson has not shown a clear and indisputable right to the

writ, we will deny his petition.