OPINION
PER CURIAM.
Gerald O. Jackson appeals pro se from the order of the District Court denying his *160 request to disclose the transcript of grand jury proceedings. We will summarily affirm. See 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.
I.
Because Jackson’s appeal raises an issue regarding his previous appearances before this Court, we will recount them in some detail. A federal jury found Jackson guilty of conspiring to distribute and possess with the intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846. The District Court sentenced him to 262 months of imprisonment. Jackson challenged both his conviction and sentence on direct appeal, and we affirmed. See United States v. Jackson, 39 Fed.Appx. 720 (3d Cir.2002). Jackson sought rehearing, which we denied on July 18, 2002. He has filed nothing further in that appeal.
Jackson then filed a motion under 28 U.S.C. § 2255, raising allegations of ineffective assistance of counsel and later adding a claim under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The District Court denied the motion, and Jackson filed a motion for reconsideration, purportedly under Rule 59(e). The District Court denied that motion as well. Jackson appealed too late to challenge the District Court’s initial denial of his § 2255 motion, and his Rule 59(e) motion too had been untimely. Thus, for purposes of appellate jurisdiction, we construed Jackson’s motion for reconsideration as one under Rule 60(b) and declined to issue a certificate of appealability. United States v. Jackson, C.A. No. 04-4622 (May 9, 2005 order). Jackson did not seek rehearing, but, on January 12, 2007, he filed a “supplemental jurisdictional statement and answer to the procedural question of timeliness.” By Clerk’s order issued June 21, 2007, we explained that no action would be taken on that filing because it did not address the substance of our denial of his request for a certificate of appealability and because the time for seeking rehearing long had expired. Jackson has filed nothing further in that appeal.
After we declined to issue a certificate of appealability, Jackson filed a petition for a writ of mandamus seeking to compel the District Court to rule on the Blakely claim he had asserted in his initial § 2255 proceeding. We denied that petition. See In re Jackson, 140 Fed.Appx. 367 (3d Cir. 2005). Jackson did not seek rehearing, and has filed nothing further in that matter. Jackson then filed a Rule 60(b) motion, challenging the regularity of his § 2255 proceeding and again challenging his conviction, this time under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The District Court denied that motion, and we again declined to issue a certificate of appealability. United States v. Jackson, C.A. No. 06-2833 (December 11, 2006 order). Jackson sought rehearing, which we denied on March 7, 2007. Jackson has filed nothing further in that appeal either.
Finally, Jackson filed the motion at issue here under Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure. That rule authorizes the disclosure of otherwise-secret grand jury material “preliminary to or in connection with a judicial proceeding.” Fed.R.Crim.P. 6(e)(3)(E)®. According to Jackson, he requires certain grand jury materials to “supplement” a “Petition for Hearing currently pending before the Third Circuit Court of Appeals.” The District Court denied the motion by opinion and order entered June 4, 2009, and Jack *161 son appeals.[1]
II.
Jackson seeks disclosure of the grand jury testimony of two witnesses who testified at his trial, Orlando Caprio and Sunny Mbonu-Ike, as well as “any other witnesses relied upon to secure the indictment.” Jackson may have been entitled to review Caprio’s and Mbonu-Ike’s grand jury testimony after they testified on direct examination at trial if their grand jury testimony was related to the subject matter of their trial testimony. See 18 U.S.C. § 3500(e); United States v. Wong, 78 F.3d 73, 83 (2d Cir.1996); United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir.1972). At this stage, however, he may seek disclosure of their grand jury testimony only under Rule 6(e)(3)(E)(i). See Wong, 78 F.3d at 83.[2]
“As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity.” McDowell, 888 F.2d at 289. Thus, “[t]o support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy.” Id. The District Court concluded that Jackson had failed to show a particularized need for the transcripts. We cannot say that it abused its discretion.
In particular, Jackson has not shown the need for this information in connection with any pending or potential proceeding. He asserted in the District Court that he requires it to supplement a “Petition for Hearing” pending in this Court, but, as explained above, no such petition is pending and all of his previous matters are closed. In his summary action response, Jackson now insists that “[fjull briefing of this case will show that Jackson’s case remains open,” apparently in the District Court. Jackson’s criminal proceeding, however, has long been closed, and he has raised no colorable argument to the contrary. Jackson also does not assert that he requires the transcripts to file any particular proceeding in the future.
Moreover, as the District Court noted, Jackson’s explanation for why he needs these materials is wholly conclusory. Before the District Court, Jackson asserted merely that “there are inherent inconsistencies between the Mbonu-Ike and Ca-prio sworn testimonies given at direct and at the Grand Jury,” and that, as a result, his sentence was improperly enhanced and his trial was unfair because he was unable effectively to cross-examine them. Jackson, however, never specified the alleged inconsistencies or why he believed they existed. Thus, Jackson did not show any particularized need for these materials.[3]
*162 We acknowledge that the public interest in the secrecy of these witnesses’ grand jury testimony is comparatively low because they testified at trial. See Dennis v. United States, 384 U.S. 855, 869-72, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). Nevertheless, Rule 6 still requires a showing of a particularized need before the grand jury testimony may be disclosed. The District Court concluded that Jackson failed to show such a need, and we cannot say that it abused its discretion. Accordingly, we will affirm the judgment of the District Court. Jackson’s motion for the appointment of counsel in this Court is denied.

. The District Court’s denial of Jackson’s post-judgment Rule 6(e)(3)(E)(i) motion is a final civil order, and we have jurisdiction under 28 U.S.C. § 1291. See United States v. Miramontez, 995 F.2d 56, 58-59 (5th Cir. 1993). We review the District Court's ruling for abuse of discretion. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 223, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989).

. Jackson has never before raised any issue regarding these witnesses’ grand jury testimony, and has never claimed, and does not claim now, that his counsel rendered ineffective assistance in that regard.

.In his response on the issue of summary action in this Court, Jackson claims for the first time that a fellow inmate told him that "Mbonu-Ike told him that he told the grand jury that he was the only one who went to New York with u/c task force officer Orlando Caprio and that the drugs procured were actually his." Jackson did not raise that allegation before the District Court, so we do not consider in our disposition of this appeal. The allegation does raise the issue of whether we should construe his response as an appli *162 cation under 28 U.S.C. §§ 2244 and 2255 for authorization to file another § 2255 motion on the basis of newly-discovered evidence. We decline to do so, however, because Jackson has not requested that relief and the response does not satisfy the §§ 2244 and 2255 standard. In particular, Jackson has alleged no reason why he could not have sought copies of the transcripts in the exercise of reasonable diligence before now, perhaps in connection with one of his multiple prior proceedings. See §§ 2244(b)(2)(B)(l), 2255(h)(1).