UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

————————

No. 91-4015

————————

ESMAEL BALBOA TIJERINA,

Plaintiff-Appellant,

v.

LARRY V. PLENTL,
Assistant Warden, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
_____

(February 11, 1993)

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion 04/16/92, 5 Cir., 199_, (_____F.2d_____)

Before POLITZ, Chief Judge, KING and EMILIO M. GARZA, Circuit
Judges.

EMILIO M. GARZA, Circuit Judge:

The Petition for Rehearing is DENIED and no member of this
panel nor Judge in regular active service on the Court having
requested that the Court be polled on rehearing en banc, (Federal
Rules of Appellate Procedure and Local Rule 35) the Suggestion for
Rehearing En Banc is DENIED.[1]  We, however, withdraw our prior
opinion and substitute the following:

_____

[1]     We express no opinion on the merits of Appellees' Petition for
Rehearing or their Suggestion for Rehearing En Banc.

1

Alleging prison guards attacked him in retaliation for his exercise of prison grievance procedures, Esmael Tijerina, an inmate in the Texas Department of Criminal Justice, Institutional Division, proceeding pro se and in forma pauperis (IFP), filed a complaint pursuant to 42 U.S.C § 1983 (1988). Following trial, the jury returned a verdict for defendants and the district court entered judgment against Tijerina. Tijerina then moved for a new trial, which the district court denied as untimely. Finding that Tijerina's motion for new trial was timely, we dismiss his appeal as premature.

## I

Following a jury trial which resulted in judgment for the defendants))entered on December 6, 1990))Tijerina filed two notices of appeal))one on December 10, 1990 and the other on December 14, 1990. On December 13, 1990, Tijerina served a motion for a new trial which was filed with the district court on December 18, 1990. Tijerina then filed a Motion to Proceed IFP with the district court on January 10, 1991.

On February 26, 1991, the district court denied Tijerina's timely Motion for New Trial and Motion to Proceed IFP. The district court further held that even if Tijerina's motion was construed as a Rule 60(b) motion))a motion calling into question the correctness of the judgment))which can be filed up to a year

2

following the entry of a judgment,[2] the motion lacked merit. On March 21, 1991, Tijerina filed a motion with this court to proceed on appeal IFP.

## II

When our jurisdiction is at all questionable and the parties have failed to raise the issue, this Court must examine the basis of its jurisdiction on its own motion. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We embark upon such an examination in this case.

## A

In determining timeliness of a motion for new trial, the proper procedure is to count days from the entry or docketing date of the judgment, *see Ross v. Global Marine*, 859 F.2d 336, 337 (5th Cir. 1988) (timeliness of an appeal from final judgment must be measured from the date of entry and not date of filing), to the date the motion was served. *See Allen v. Ault*, 564 F.2d 1198, 1199 (5th Cir. 1977) (Rule 59(b) applies to time of service and not time of filing). Accordingly, Tijerina had ten days from December 6,

---

[2]     Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

1990[3] to move for a new trial (page 8 of the docket sheet states that judgment was entered on December 6, 1990, and that Tijerina served his motion for new trial on December 13. *See* Fed. R. Civ. P. 59(b) ("A motion for a new trial shall be *served* not later than 10 days after the *entry* of the judgment." (emphasis added)).

In denying Tijerina's motion for new trial as untimely, the district court erred by using the dates December 4 (the date the court's judgment was filed) and December 18 (the date Tijerina's motion was filed). Tijerina's motion was served on December 13))seven days from the date the district court entered its judgment on December 6 and well within the 10 days prescribed by Rule 59(b) of the Federal Rules of Civil Procedure. Accordingly we find that the district court incorrectly denied Tijerina's motion for a new trial as untimely.

**B**

Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that if any party files a timely motion for new trial under Rule 59, a notice of appeal filed before the disposition of that motion shall have no effect.[4] Therefore, Tijerina's motion

---

[3] In fact, Tijerina had until December 20 to serve his motion for new trial. *See* Fed. R. Civ. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

[4] Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that:

[i]f a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party . . . under Rule 59 for a new trial, the time for appeal for parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect.* A

4

for new trial extinguished his notices of appeal.[5] *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S. Ct. 987, 988, 103 L. Ed. 2d 146 (1989) (Rule 4(a)(4) provides if any party files a Rule 59 motion, a notice of appeal filed before the disposition of that motion "shall have no effect"); *see also Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth., et al.,* 925 F.2d 812, 814 (5th Cir.) (notice of appeal filed during pendency of motion was of no effect), *cert. denied,* ___ U.S. ___, 111 S. Ct. 2417, 115 L. Ed. 2d 1080 (1991). Because the district court has not properly disposed of Tijerina's motion for new trial, we lack the jurisdiction to consider Tijerina's appeal. *See* Fed. R. App. P. 4(a) ("A notice of appeal filed before the disposition of any of the above motions shall have no effect."); *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir.) (a post-trial motion seeking to amend judgment, which is served within ten days after entry of judgment, must be considered a Rule 59(e) motion for the purposes of Rule 4 of the Federal Rule of Appellate Procedure), *cert. denied,* 479 U.S. 930, 107 S. Ct. 398, 93 L. Ed. 2d 351 (1986).

---

new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

Fed. R. App. P. 4(a)(4) (emphasis added).

[5] For the same reasons, Tijerina's motion to proceed IFP of March 21, 1991))which "is the substantial equivalent of a notice of appeal," *Fischer v. United States Dept. of Justice,* 759 F.2d 461, 464 (5th Cir. 1985))is also extinguished.

## III

Accordingly, we DISMISS Tijerina's appeal as premature.[6]

---

[6] Tijerina alleges that prison guards attacked him in retaliation for his exercise of prison grievance procedures))a § 1983 excessive force action alleging an Eighth Amendment violation. While Tijerina's appeal was pending before this court, the United States Supreme Court decided *Hudson v. McMillian*, ___ U.S. ___, 112 S. Ct. 995, 117 L.Ed. 2d 156 (1992), and changed the standard we apply for excessive force claims. Specifically, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment *even though the inmate does not suffer serious injury, see id.* at 997, thereby overruling the significant injury standard we previously relied upon. *See Huguet v. Barnett,* 900 F.2d 838, 841 (5th Cir. 1990). The district court should reconsider its judgment and Tijerina's Motion for New Trial in light of *Hudson.*