UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-5612
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUSEBIO MIRAMONTEZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____
(June 28, 1993)


Before GOLDBERG, GARWOOD and WIENER, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant Eusebio Miramontez, Jr. (Miramontez), proceeding *pro se*, appeals from the district court's order denying his request for disclosure of grand jury transcripts. Because the district court did not abuse its discretion in determining that Miramontez failed to show a particularized need for such disclosure, we affirm.

## Facts and Proceedings Below

In 1987, Miramontez pleaded guilty to one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.

He was sentenced to a term of imprisonment of thirty years. In 1988 this Court dismissed his direct appeal. Miramontez then filed two motions to correct or reduce his sentence, pursuant to FED. R. CRIM. P. 35, and two motions to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The district court denied all four motions. Miramontez appealed only the denial of his second section 2255 motion; in 1991, this Court affirmed that denial.

At issue here is Miramontez's petition for disclosure of grand jury transcripts, which he filed *pro se* on April 2, 1992. The government responded on April 21, 1992. The district court, construing the motion both as a request for disclosure under the federal Freedom of Information Act (FOIA), 5 U.S.C. §§ 551, *et seq.*, and as a request under FED. R. CRIM. P. 6(e),[1] denied the motion in an order dated April 24, 1992.

On April 27, Miramontez served a reply to the government's response to his motion for disclosure of grand jury transcripts; on May 26, he filed a "Brief in support of Petitioner(s) [sic] Motion to Set Aside `Order' of Dismissal," which was, in essence, a motion for reconsideration pursuant to FED. R. CIV. P. 60(b), asking that the district court reconsider its April 24 ruling. The district court entered an order on June 3, 1992, denying all relief requested in the two pleadings.

---

[1] FED. R. CRIM. P. 6(e)(3)(C)(i) provides that "[d]isclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be madeSQ(i) when so directed by a court preliminarily to or in connection with a judicial proceeding."

On June 12, Miramontez filed a notice of appeal, dated June 7, 1992.

## Discussion

I.   Jurisdiction

This Court may raise, *sua sponte*, the issue of its own jurisdiction.  *Tijerina v. Plentl*, 984 F.2d 148, 150 (5th Cir. 1993).  There is a question as to whether Miramontez's notice of appeal was timely.  This turns on whether the action for disclosure of the grand jury transcripts is civil, in which case Miramontez had sixty days to appeal from the April 24 order of the district court, pursuant to FED. R. APP. P. 4(a), as this is a case in which the United States is a party, or whether it is a criminal action, in which Miramontez had only ten days to file his notice of appeal under FED. R. APP. P. 4(b).

The district court denied the motion for disclosure of the grand jury transcripts on April 24, 1992.  Miramontez filed his notice of appeal on June 12, 1992, within sixty days of the district court's April 24 ruling.  Because we determine that Miramontez's petition for grand jury transcripts is civil in nature, this appeal is timely under Rule 4(a).[2]

---

[2]   Were we to conclude that this action is criminal, the appeal would be untimely, and we would lack jurisdiction to consider it. In criminal proceedings, motions for reconsideration, such as Miramontez's motion to set aside the order of dismissal, "are timely filed if made within the period allotted for the noticing of an appeal." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 102 S.Ct. 2255 (1982).  Here, if we treat this case as criminal, the motion for reconsideration is timely only if filed within ten days of the district court's order denying his petition for disclosure of grand jury materials. Filed on May 26, the motion followed the district court's order by thirty-two days.  Because Miramontez's motion for

There are several factors supporting our conclusion that this action is civil. When Miramontez filed his request for the grand jury transcripts, his criminal conviction had long been final: he had pleaded guilty, the district court had sentenced him, and this Court had dismissed his direct appeal years previously. He had filed two Rule 35 motions and two habeas proceedings, all of which the district court had denied; we had affirmed the dismissal of the last habeas petition the preceding year. Further, the district court construed his petition, in part, as a request under the FOIA. Although Miramontez claims on appeal that he did not intend his petition as a FOIA request, the district court's interpretation emphasizes the civil aspect of these proceedings. In addition, Miramontez's petition for disclosure of the grand jury transcripts states that it is filed for the purpose of obtaining information to support the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241, a civil action. Finally, although he filed the petition for disclosure in the same court and under the same docket number as his earlier criminal proceeding, this does not require that his petition for grand jury disclosure be treated as a criminal action. In fact, filing the petition in the same district court was proper as that court supervised the grand jury's proceedings. *Douglas Oil Co. v. Petrol Stops Northwest*, 99 S.Ct. 1667, 1676 (1979) (requests for disclosure of grand jury testimony must, as a general rule, be directed to the court that supervised

---

reconsideration was untimely, the district court lacked jurisdiction to consider it. *Id*. The time allowed for appeal of the April 24 order lapsed.

4

the grand jury's proceedings, even when required for a civil proceeding in another judicial district).

II. Denial of Request for Grand Jury Transcripts

In his motion for disclosure of grand jury transcripts, Miramontez sought to obtain access to the transcripts of all grand jury proceedings related to his criminal case. The district court analyzed this motion both under the FOIA and under FED. R. CRIM. P. 6(e). Miramontez now disavows any FOIA aspect to his request for the grand jury materials.[3]

A district court's denial of a motion for disclosure of grand jury transcripts under Rule 6(e) is reviewed for an abuse of discretion.[4] *Douglas Oil*, 99 S.Ct. at 1675; *In re Grand Jury Testimony*, 832 F.2d 60, 62 (5th Cir. 1987).

The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings. *Douglas Oil*, 99 S.Ct. at 1672. The burden is on the party seeking disclosure to show that "a particularized need" exists for the materials that outweighs the policy of secrecy. *Pittsburgh Plate Glass Co. v.*

---

[3]  Even if Miramontez were asserting the FOIA as grounds for disclosure, he would not prevail. The FOIA directs agencies of the federal government to make certain information available to the public. 5 U.S.C. §§ 552, *et seq*. Federal courts, however, are expressly excluded from the definition of "agency" for purposes of FOIA disclosure requirements. 5 U.S.C. § 551(1)(B). "The cases which have considered the question [of whether FOIA requires disclosure of grand jury materials], by one route or another, have uniformly concluded that grand jury information within the scope of [FED. R. CRIM. P.] 6(e) is exempt from FOIA disclosure." *Fund for Constitutional Gov't v. Nat'l Archives and Records Service*, 656 F.2d 856, 868, n.28 (D.C. Cir. 1981).

[4]  Orders granting or denying disclosure of grand jury materials for use in civil actions are appealable. 15B WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE & PROCEDURE, § 3914.24, p.181 (1992).

*United States*, 79 S.Ct. 1237, 1241 (1959).

In order to meet this burden, Miramontez must demonstrate that (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed. *Douglas Oil*, 99 S.Ct. at 1674. This showing "must be made even when the grand jury whose transcripts are sought has concluded its operations." *Id*. The district court found that Miramontez had made no effort to satisfy any of these conditions and denied his request.

It is clear that Miramontez did not show a "particularized need" under any of the three elements set forth in *Douglas Oil*. Even construing his pleadings liberally, as the district court was required to do because of his *pro se* status, *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990), he has not furnished reason sufficient to require disclosure of his grand jury proceedings. His petition is wholly general and does not request any specific portion of the proceedings for disclosure. Miramontez claims a general "right" to disclosure of the transcripts. The mere contention that the party seeking transcripts has a "right" to the transcripts, without a proper showing of need, will not suffice to justify disclosure. *Pittsburgh Plate Glass Co.*, 79 S.Ct. at 1241.

In his pleadings before the district court, as well as in his briefs on appeal, Miramontez describes errors or defects in grand jury proceedings, such as perjury, misleading hearsay evidence, bias, prosecutorial misconduct, and racial discrimination, and cites cases in which such matters have provided grounds for

6

disclosure of the proceedings.  He does not, however, assert that any of these errors or defects occurred in his own grand jury proceedings, nor does he hint at any evidence in the grand jury materials that might reveal the presence of such an error or defect.

In support of his claim on appeal that the district court abused its discretion in refusing to grant him access to the grand jury materials, Miramontez relies on *Dennis v. United States*, 86 S.Ct. 1840 (1966).  This case, however, is not applicable here. There, the Supreme Court held that it was an abuse of discretion for a district court to refuse to disclose, in a criminal trial, the grand jury testimony of witnesses who also testified at trial. The Court noted that the traditional reasons justifying nondisclosure were not significant in those circumstances. *Dennis*, 86 S.Ct. at 1850, n.18.  The defendants in that case had demonstrated a "particularized need" for the disclosure and had shown a likelihood that the witnesses' testimony at trial was inconsistent with their earlier grand jury testimony. *Id*. at 1850.

In contrast, Miramontez does not specifically request the grand jury testimony of any witnesses who were called at trial.  In the only instance of alleged impropriety he mentions in his briefs on appeal, Texas Department of Public Safety Officer Art Casarez showed the photograph of a skull with a bullet hole in it to the grand jury and suggested that Miramontez was responsible for ordering the victim's death.[5]  Officer Casarez repeated his

---

[5]    According to Officer Casarez, the victim had provided information to law enforcement authorities concerning

7

testimony at Miramontez's bond hearing, a transcript of which is included in the record before us in this appeal. Miramontez does not assert any inconsistency between Officer Casarez's testimony at the bond hearing and that which he gave before the grand jury. There is no need to disclose grand jury testimony if the same witness gave the same testimony at a nonsecret bond hearing.

Finally, by pleading guilty Miramontez has waived all nonjurisdictional defects in the grand jury proceedings. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984) ("[W]e need only point out that a valid guilty plea waives all nonjurisdictional defects in the proceedings against a defendant"). Miramontez does not contend here that his guilty plea was not voluntary or informed.

## Conclusion

Even under a liberal construction of Miramontez's pleadings, the district court did not abuse its discretion in refusing to disclose the grand jury transcripts. Accordingly, the district court's order denying his request for disclosure of grand jury materials is

AFFIRMED.

---

Miramontez's drug operation.