IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50343
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JERRY WAYNE SALLAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CR-9-1-JN
--------------------
August 1, 2000
Before HIGGINBOTHAM, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Jerry Wayne Sallas, federal prisoner # 68692-080, has filed

an application for leave to proceed in forma pauperis (IFP) on

appeal.  Sallas seeks to appeal the district court's denial of

his motion for grand jury transcripts.  Sallas' freestanding

motion for grand jury transcripts is considered to be a civil

action.  United States v. Miramontez, 995 F.2d 56, 58 (5th Cir.

1993).  Sallas has not demonstrated that the district court

abused its discretion in denying his motion for the production of

grand jury materials because he has not shown a "particularized

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

need" for the materials that outweighs the policy of secrecy. Miramontez, 995 F.2d at 59.

Sallas' appeal presents no legal points arguable on their merits, and the appeal from the denial of his motion is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. Rule 42.2.

Sallas is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's denial of his motion for grand jury transcripts as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Sallas that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.