United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40735
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD PHILLIP WOOTEN,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Eastern District of Texas
(4:98-CR-64-6)
_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the district court's denial of Defendant - Appellant, Gerald

Phillip Wooten's, motion pursuant to FED. R. CRIM. P. 6(e)(3)(E)(i) and (ii) to disclose grand

jury testimony.

We review the denial of a motion for disclosure of grand jury testimony for an abuse of

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

discretion.  *United States v. Miramontez*, 995 F.2d 56, 58 (5th Cir. 1993).  The burden is on

Wooten to show that a particularized need exists for the grand jury testimony that outweighs the

policy of secrecy in regards to these materials.  *Id.*  The request must amount to more than a

request for authorization to engage in a fishing expedition.  *In re Grand Jury 95-1*, 118 F.3d

1433, 1437 (5th Cir. 1997).

      Wooten has demonstrated no particularized need for the grand jury transcripts.  *See*

*Miramontez*, 995 F.2d at 59.  He has also failed to show that he sought to challenge his

indictment and conviction at the earliest possible time.  *See United States v. Cathey*, 591 F.2d

268, 271 n.1 (5th Cir. 1979).  Therefore, the district court did not abuse its discretion in denying

Wooten's motion for disclosure of the grand jury transcripts.  The district court's judgment is

affirmed.