United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50862
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THURMAN D. PAYNE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:01-CR-899-3
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thurman D. Payne, prisoner number 16992-180, moves this court for authorization to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his motions to view grand jury materials and for production of audiotapes. Payne argues that he should be permitted to proceed IFP due to his poverty. Payne further argues that he should be granted access to grand jury materials because these items might show irregularities in his grand jury proceedings. Payne will not be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permitted to proceed IFP unless he shows that he is impecunious and that his appeal is taken in good faith.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982).  To establish good faith, Payne must show that he will raise a nonfrivolous appellate claim.  See Howard, 707 F.2d at 220.

The record does not support Payne's assertion of improprieties in relation to his grand jury proceedings and indictment.  Payne's arguments on this issue amount to no more than a thinly veiled request for authorization to conduct a fishing expedition in relation to grand jury materials.  This is an improper use of these materials, and Payne has not shown that he should be permitted to examine them or that the district court erred in denying his request for such an examination.  See United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993); United States v. Carvajal, 989 F.2d 170 (5th Cir. 1993).  Payne likewise has not shown that he will raise a nonfrivolous issue on appeal. Payne's request to proceed IFP is DENIED, and this appeal is DISMISSED as FRIVOLOUS.  See 5TH CIR. R. 42.2.

We note that Payne has presented his claim concerning the purported problems with his indictment in several filings with both the district court and this court, and there is no indication that he intends to cease his attempts to relitigate this frivolous claim.  Payne is WARNED that he could receive sanctions if he files any other pleadings challenging the

purported irregularities in his grand jury proceedings and indictment in either the district court or this court.  <u>See</u> <u>Coughlan v. Starkey</u>, 852 F.2d 806, 817 (5th Cir. 1988); <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).  IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.