IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-10738
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN OLVERA CONTRERAS, SR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 6:98-CR-64-1

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Contreras, federal prisoner # 80905-079, appeals the denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for production of grand jury transcripts and Brady[1]/Jencks materials. He argues that he advised the district court that he would pay the costs and fees of production.

The denial of a motion for disclosure of grand jury transcripts under FED. R. CRIM. P. 6(e) is reviewed for abuse of discretion. United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993). "The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings." Id. Therefore, the party seeking disclosure must show a "particularized need" for "the materials that outweighs the policy of secrecy." Id. (citation omitted).

Contreras has not pointed out, on appeal, any particularized need for the materials. Further, by pleading guilty, he waived all nonjurisdictional defects occurring during the grand jury proceedings. Id. at 60. The district court did not abuse its discretion in denying the motion.

Regarding Contreras's request for Jencks Act material, the government is required to provide reports and statements in its possession relating to events and activities referred to by government witnesses at trial Goldberg v. United States, 425 U.S. 94, 104 (1976). Because Contreras pleaded guilty and did not go to trial, the production of Jencks materials is no longer relevant.

A defendant entering a guilty plea cannot rely on Brady materials in seeking postconviction relief, because his right to a fair trial is not implicated. See Orman v. Cain, 228 F.3d 616, 617 (5th Cir. 2000). Further, Contreras has not indicated what materials were not disclosed to him. Therefore, it cannot be determined whether the materials were exculpatory or material to the determination of his guilt or the sentence imposed. Brady, 373 U.S. at 87.

Contreras has provided no justification for the production of any of the materials he is requesting. The denial of the motions for production is AFFIRMED.

---

[1] Brady v. Maryland, 373 U.S. 83, 86 (1963).