# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2011

No. 10-30086
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERMAN STEVENSON, III,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:95-CR-377-3

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Herman Stevenson, III, federal prisoner # 24905-034, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion to dismiss his indictment. Stevenson argues that the district court erred in concluding that his motion was an unauthorized successive 28 U.S.C. § 2255 motion. He contends that the prosecution engaged in misconduct before the grand jury by arguing that he was involved in a conspiracy when the conspiracy involved a Government informant. Stevenson also argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion in denying his motion for the production of grand jury transcripts for lack of jurisdiction. Stevenson's motion to file a supplemental brief is GRANTED.

A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Stevenson's arguments were previously raised in a 28 U.S.C. § 2241 petition and a § 2255 motion. Stevenson's motion to dismiss the indictment filed in the district court was an unauthorized motion that the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).

It is questionable whether Stevenson's motion for the production of grand jury transcripts had a valid jurisdictional basis in the district court. *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993). However, even if the court retained jurisdiction over the motion, the district court did not abuse its discretion in denying the motion because Stevenson failed to show a particularized need for the grand jury materials. *See United States v. Miramontez*, 995 F.2d 56, 57-58 (5th Cir. 1993). Stevenson was convicted of a conspiracy involving persons other than Government informants, and thus, there is no basis for his claim of prosecutorial misconduct. *United States v. Millsaps*, 157 F.3d 989, 992 (5th Cir. 1998).

Stevenson has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly, we DENY the motion to proceed IFP on appeal, and we DISMISS Stevensons's appeal as frivolous. *See* 5TH CIR. R. 42.2. All other outstanding motions are DENIED.