# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2012

Lyle W. Cayce
Clerk

No. 11-30437
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID JEROME FRANK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-20067-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, David Jerome Frank moves for leave to proceed in forma pauperis (IFP) to appeal the denial of his "Motion to Correct Prejudicial Clerical Error under Rule 36 of the Federal Rules of Criminal Procedure[]." He asserts that the district court erred in denying the motion because the purported clerical error denied him the opportunity to file a motion for reconsideration of the district court's decision denying reduced sentence under 18 U.S.C. § 3582.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30437

Contrary to Frank's assertion, any clerical error was harmless. At the time of the alleged error on April 1, 2010, it was too late for him to file a motion for reconsideration of the May 28, 2009, order denying a reduction in sentence. *See United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993) (noting that motions for reconsideration "are timely filed if made within the period allotted for the noticing of an appeal"); FED. R. APP. P. 4(b) (2008) (providing a 10-day period for filing a notice of appeal in a criminal proceeding). Moreover, regardless of any clerical error, Frank was not entitled to relitigate his ultimate claim for resentencing because this court already had determined that he was not entitled to a reduced sentence.

Because the appeal does not involve legal points arguable on their merits, leave to proceed IFP is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted); 5TH CIR. R. 42.2.