# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROBERT TAYLOR, Also Known as Smutty,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-23-9

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert Taylor, federal prisoner # 34588-177, convicted of possession with intent to distribute more than 50 grams of cocaine base, appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11236

Amendment 782 to the Sentencing Guidelines and the denial of his motion for reconsideration. Taylor claims that a sentence reduction was warranted because his prison-rule violations for having excess stamps and not showing up for an assignment were non-violent; he was punished adequately for breaking those rules; he is no longer in a gang; he is older and wiser; he is a peaceful person; and his post-sentencing conduct was positive.

We review for abuse of discretion the decision whether to reduce a sentence under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). When considering a § 3582(c)(2) motion, the district court is to conduct a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826 (2010). It first must decide whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Id.* at 827. If so, the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," a reduction is warranted under the facts of the case. *Id.*

The district court implicitly found that Taylor was eligible for the reduction. The court then exercised its discretion to deny the motion based on Taylor's offense conduct, relevant conduct, post-sentencing conduct, and gang affiliation. Taylor's contention that the court did not properly balance the sentencing factors is insufficient to show abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also Evans*, 587 F.3d at 672.

Taylor's motion for reconsideration was untimely, unauthorized, and without a jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994); *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993); FED. R. APP. P. 4(b)(1)(A). We affirm the denial of that motion on this alternative basis. *See Early*, 27 F.3d at 141–42.

AFFIRMED.