# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2016

Lyle W. Cayce
Clerk

No. 15-41428
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANTE BARRERA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-238-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Dante Barrera, federal prisoner # 24576-179, who stands convicted of possession with intent to distribute 14.55 kilograms of cocaine, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines and the denial of his motion for reconsideration. Barrera argues that a sentence reduction is warranted because his positive post-sentencing conduct

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrates that an earlier release from prison would not pose a danger to the community.

When considering a § 3582(c)(2) motion, the district court is to conduct a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The court must first determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Id.* at 827. If he is, the district court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," a reduction is warranted under the facts of the case. *Id.* We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The district court found that Barrera was eligible for the reduction of sentence. The district court then exercised its discretion to deny the motion, determining that Barrera's criminal history and prison disciplinary history indicated that the need to protect the public outweighed the mitigating circumstances of Barrera's positive post-sentencing conduct. Barrera's argument that the district court did not properly balance the sentencing factors is insufficient to show an abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995); *see also Evans*, 587 F.3d at 672.

With respect to Barrera's motion for reconsideration, the untimely motion was unauthorized and without a jurisdictional basis. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994); *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993); FED. R. APP. P. 4(b)(1)(A). We affirm the denial of that motion on this alternative basis. *See Early*, 27 F.3d at 141-42.

AFFIRMED.