# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51438
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY GARCIA-ESPARZA, also known as Gira,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-425-5

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Johnny Garcia-Esparza, federal prisoner # 43813-080, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion to unseal and disclose grand jury transcripts relating to his 2005 convictions for various drug, money laundering, and weapons offenses. His IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51438

We review that certification for an abuse of discretion, *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982), inquiring "whether the appeal involves legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (internal quotation marks and citation omitted); *see also* FED. R. CRIM. P. 6(e)(3)(E)(i), (ii). A party seeking disclosure of grand jury records must therefore demonstrate that "a particularized need exists for the materials that outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959) (internal quotation marks omitted); *see also United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).

Garcia-Esparza, who was convicted 12 years ago and has already pursued an appeal and collateral review, fails to make the requisite showing. First, he does not show the required connection to a judicial proceeding. *See* FED. R. CRIM. P. 6(e)(3)(E)(i), (ii). Further, he fails to show a particularized need for the grand jury transcripts. *See Pittsburgh Plate Glass Co.*, 360 U.S. at 400. To the contrary, his vague request amounts to an impermissible "fishing expedition to see if he can find something in the grand jury [records] that might support further relief[.]" *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).

Because Garcia-Esparza fails to present a nonfrivolous legal argument that the district court abused its discretion by denying his motion to produce grand jury transcripts, he fails to show any error in the court's certification that his appeal is not taken in good faith, *see Carson*, 689 F.2d at 586. Accordingly, the motion to proceed IFP on appeal is DENIED. As the merits of Garcia-Esparza's appeal "are so intertwined with the certification decision

2

No. 16-51438

as to constitute the same issue," the appeal is DISMISSED AS FRIVOLOUS. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.