# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30869
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YOLANDA SMITH,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-198-5

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Yolanda Smith was indicted in September 2013 for conspiracy to import methylone, conspiracy to possess with the intent to distribute methylone, and possession with the intent to distribute methylone. A superseding indictment was issued in May 2014 alleging the same criminal charges against Smith. The superseding indictment was also issued against Smith's husband, Jessie.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith was convicted by a jury on all counts and was sentenced to concurrent terms of 33 months of imprisonment.  She appeals.

Smith first argues that the district court abused its discretion in denying the motion to disclose the grand jury transcript from the proceeding conducted on September 12, 2013, that led to the initial indictment.  She asserts that the transcript is needed to prove the prosecutor's unprofessional remarks and that one grand juror did not believe that there was sufficient evidence to indict.

A district court's denial of a motion for disclosure of grand jury transcripts under Federal Rule of Criminal Procedure 6(e) is reviewed for an abuse of discretion.  *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).  Rule 6(e)(3)(E) authorizes the disclosure of such information "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  FED. R. CRIM. P. 6(e)(3)(E)(i), (ii).  A request for disclosure that falls under one of the limited circumstances specified in Rule 6(e)(3)(E) will be granted only if the moving party shows that "a particularized need exists for the materials that outweighs the policy of secrecy."  *Miramontez,* 995 F.2d at 59 (internal quotation marks and citation omitted).  To make such a showing, the party requesting the materials must establish that "(1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed."  *Id.*

The district court concluded that Smith failed to show that there was a ground that existed to dismiss the indictment.  Smith was tried on the superseding indictment, and the original indictment was dismissed.  Thus, any challenge to the initial indictment based on alleged prosecutorial misconduct

is moot.  *Cf. United States v. Lee*, 622 F.2d 787, 789 (5th Cir. 1980) (noting that the filing of a second superseding indictment did not moot an appeal from the dismissal a first superseding indictment when the first superseding indictment was still pending); *see also United States v. Rainey*, 757 F.3d 234, 240 (5th Cir. 2014) (recognizing that two indictments may both be outstanding if jeopardy has not attached).  Additionally, her assertion that the material is needed to avoid a possible injustice in another judicial proceeding is conclusory and speculative.  She does not allege prosecutorial misconduct as to the superseding indictment that served as the basis for the instant conviction.  Therefore, the district court did not abuse its discretion in denying her motion for disclosure of the grand jury transcript.  *See Miramontez*, 995 F.2d at 59.

Smith also argues that the district court abused its discretion in denying her motion for new trial.  She contends that coconspirator Alvin Phillips's testimony at Jessie's trial was inconsistent with his testimony at her trial.  The district court denied the motion, finding that the evidence was merely impeaching.

This court reviews the district court's denial of a motion for a new trial for an abuse of discretion.  *United States v. Piazza*, 647 F.3d 559, 564 (5th Cir. 2011).  To receive a new trial under Rule 33 based on newly discovered evidence, a defendant must show:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to the defendant's lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*Id.* (footnote omitted).  "If the defendant fails to demonstrate any one of these factors, the motion for new trial should be denied."  *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004).

No. 16-30869

Phillips's testimony at Jessie's trial does not exonerate Smith or cast into doubt her knowledge or participation.  At Smith's trial, Phillips expressly testified that Smith knew of the arrangement to use her address to receive packages of methylone.  Additionally, she accepted delivery of the package and signed a false name when accepting the delivery.  Phillips's testimony at Jessie's trial does not contradict this information.  He testified at Jessie's trial that Smith knew about the conspiracy and that he conspired with her.  The testimony at Jessie's trial that Phillips made the actual exchanges of packages and drugs with Jessie is merely impeaching, at most.  The district court did not abuse its discretion in denying the motion for a new trial.  *Piazza*, 647 F.3d at 564.

The judgment of the district court is AFFIRMED.  Smith's motion to supplement the record on appeal is DENIED.