# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20450

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2018

Lyle W. Cayce
Clerk

CHARLES RAY WALTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2370

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Charles Ray Walton, Texas prisoner # 1356490, was convicted by a jury of aggravated sexual assault of a child and sentenced to 40 years of imprisonment. He unsuccessfully challenged his conviction and sentence through a 28 U.S.C. § 2254 petition and a related Federal Rule of Civil Procedure 60(b) motion, in relation to both of which this court denied a certificate of appealability (COA). Walton filed a motion in the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeking production of various documents relating to his prosecution and postconviction proceedings in anticipation of moving this court for authorization to file a successive § 2254 petition challenging his sexual assault conviction.  The district court denied the motion, and Walton timely appealed. He moves this court for a COA, which is DENIED as unnecessary.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

An indigent defendant has no constitutional right to acquire a copy of his transcripts or court records for use in a collateral proceeding.  *See United States v. MacCollum*, 426 U.S. 317, 325-26 (1976).  However, 28 U.S.C. § 2250 states that a movant for a writ of habeas corpus is entitled to copies of court records without cost where he has been granted leave to proceed IFP and his federal habeas motion is pending before the court.  § 2250; *see Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970).  The records will not be provided where a movant contends that he needs them to formulate a claim or to review for facts that may support a potential habeas petition.  *See United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) (28 U.S.C. § 2255 case).

When Walton moved to furnish the requested records, no § 2254 petition or other collateral-review application was pending before the district court. Therefore, the district court had no basis to consider his motion for production. *See Carvajal*, 989 F.2d at 170; *Walker*, 424 F.2d at 278-79.  In any event, Walton sought production of the requested documents for the improper purpose of "fishing" for possible claims for relief.  *See Carvajal*, 989 F.2d at 170.  He made no assertion that the documents were necessary to prevent injustice in another proceeding.  *See United States v. Miramontez*, 995 F.2d 56, 58 (5th Cir. 1993).  And on appeal, Walton neither identifies an error in the district court's analysis nor attempts to show a need for production of the

No. 17-20450

records.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999).

Walton's appeal is without arguable merit and is accordingly DISMISSED as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Walton is CAUTIONED that filing frivolous, repetitive, or otherwise abusive appeals may invite sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.