# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11195

JOHN PATRICK NEWTON,

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2018

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2340

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

John Patrick Newton, federal prisoner # 56067-112, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his motion to unseal the grand jury transcripts relating to his convictions of conspiring to distribute marijuana, maintaining a drug-involved premises, possession of marijuana with intent to distribute, and money laundering conspiracy. His IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11195

202 (5th Cir. 1997). We review that certification for an abuse of discretion, *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982), inquiring "whether the appeal involves legal points arguable on their merits," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (internal quotation marks and citation omitted); *see also* FED. R. CRIM. P. 6(e)(3)(E). A party seeking disclosure of grand jury records must therefore demonstrate that "a particularized need exists for the [materials] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959) (internal quotation marks omitted). To make such a showing, the party requesting the materials must establish that "(1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed." *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). We review the denial of a motion for disclosure of grand jury transcripts for abuse of discretion. *Id.*

Newton, who has already pursued a direct appeal and a 28 U.S.C. § 2255 motion, fails to make the necessary showing. He has not demonstrated the required connection to a judicial proceeding. *See* FED. R. CRIM. P. 6(e)(3)(E)(i), (ii); *In re McDermott & Co.*, 622 F.2d 166, 171-72 (5th Cir. 1980). Further, he fails to show a particularized need for the grand jury transcripts in light of the arguments raised in his brief. *See Pittsburgh Plate Glass Co.*, 360 U.S. at 400. His general assertions of improprieties in his criminal prosecution, and his contention that an evidentiary hearing is needed, are reflective of an impermissible "fishing expedition to see if he can find something in the grand

2

jury [records] that might support further relief[.]" *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993).

Because Newton fails to present a nonfrivolous legal argument that the district court abused its discretion by denying his motion to unseal the grand jury transcripts, he fails to show any error in the court's certification that his appeal is not taken in good faith. *See Carson*, 689 F.2d at 586. Accordingly, the motion to proceed IFP on appeal is DENIED. As the merits of Newton's appeal "are so intertwined with the certification decision as to constitute the same issue," the appeal is DISMISSED AS FRIVOLOUS. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.