# United States Court of Appeals for the Fifth Circuit

---

No. 24-40430
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAQUINTA DONTEA RUSSELL,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-216-31

---

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Laquinta Dontea Russell, federal prisoner # 28445-078 and proceeding *pro se* in district court and on appeal, is serving a 120-month term of imprisonment, imposed following his guilty plea conviction of conspiring to possess with intent to distribute heroin, in violation of 18 U.S.C. § 846. He challenges the denial of his: 18 U.S.C. § 3582(c)(2) motion to reduce his

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40430

below-Guidelines sentence; and motion to compel production of grand-jury materials, filed under Federal Rule of Criminal Procedure 6(e).

In contesting the denial of his § 3582(c)(2) motion, Russell: contends he is eligible for a two-point sentence reduction under Amendment 821 to the Sentencing Guidelines; requests at least a one-point reduction because this will affect his status within the Bureau of Prisons; and challenges the court's application of the career-offender sentencing enhancement. He fails to show error in the denial of his § 3582(c)(2) motion. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Our court reviews the denial of a § 3582(c)(2) motion for abuse of discretion; on the other hand, "a district court's conclusion that it could not reduce a sentence based on an interpretation or application of the Guidelines is reviewed *de novo*". *Calton*, 900 F.3d at 710.

Although Amendment 821 reduced Russell's criminal history point total by one unit, *see* U.S.S.G. § 4A1.1(e), this is of no benefit to Russell with respect to his § 3582(c)(2) motion, given that his designation as a career offender mandated his placement in criminal-history category VI. *See* U.S.S.G. § 4B1.1(b). Because Amendment 821 did not lower Russell's applicable Guidelines range, he was ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s. Moreover, to the extent Russell challenges the court's sentencing determination that he is a career offender under the Guidelines, he cannot relitigate application of the career-offender enhancement in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) (§ 3582(c) proceeding inappropriate vehicle to relitigate sentencing issue).

In addition, notwithstanding the Guidelines calculations, Russell's guilty plea was pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, resulting in a below-Guidelines 120-months' sentence. The

2

court concluded he was ineligible for a sentence reduction on this basis. Russell fails to brief, and therefore abandons, any challenge to this conclusion. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) ("Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.") (citation omitted).

Turning to the denial of his motion to compel production of grand-jury materials, Russell asserts: he can obtain the materials under Federal Rule of Criminal Procedure 6(e); and he has a constitutional right to all grand-jury materials. In the light of the contentions raised in his motion to compel and in his brief in our court, however, Russell has not demonstrated a particularized need for grand-jury materials, and he fails to show that the court abused its discretion in denying his motion. *See United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (party requesting grand-jury materials must establish that "(1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed").

AFFIRMED.